UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| RHONDA COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:25-cv-01265-MMM |
| ) | |
| TONYA HOYT, et al., ) | |
| ) | |
| Defendants. ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se* from the Fulton County Jail, pursues an action under 42 U.S.C. § 1983.

Plaintiff's complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff seeks to sue Tonya Hoyt, Rhonda Hapke, and Whitney Parrish, for occurrences at the Fulton County Jail. Plaintiff alleges that Hoyt and Hapke opened Plaintiff's mail, which Plaintiff asserts is a violation of her privacy. Plaintiff alleges that Parrish is never in her office and that another person, Ike Hackett, was also involved with the drug court program. Finally, Plaintiff alleges that church services were denied to Breanne Elizabeth Chamberie and to Plaintiff, while Plaintiff was in holding.

## ANALYSIS

First, Plaintiff's allegations do not state a claim regarding her mail. Detainees do not enjoy a generalized constitutional right to the privacy of their mail, although legal mail is entitled to greater protections. *Guajardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010). Regarding legal mail, isolated incidents of opening a prisoner's legal mail outside of her presence generally do not violate the Constitution absent a detrimental effect on the prisoner's "access to justice." *Id.* Here, Plaintiff alleges only that non-specified items of mail were opened. She does not allege when, or how often, this occurred. Her allegations are too sparse to state a claim regarding opening of her mail.

Second, Plaintiff's allegations regarding attending a church service are likewise too vague to state a claim. Detainees are not generally entitled to lead their own religious services, *Kemp v. Liebel*, 877 F.3d 346, 354 (7th Cir. 2017), and Plaintiff does not make any allegations as to the nature of her religion, the availability of volunteers to run services, the number of people interested in participating in services, or the

timeframe over which services were denied, such that the Court could determine if a viable claim exists.

Finally, the remainder of Plaintiff's allegations are too vague to state any plausible claim. Plaintiff's allegations regarding Defendant Parrish's absence from her office, and third-party Ike Hackett's involvement with drug court, do not indicate the violation of any constitutional right.

IT IS THEREFORE ORDERED:

1. Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiff is allowed 14 days to file an amended complaint if she believes she can do so consistent with this order. If Plaintiff does not amend the case will be dismissed without prejudice for failure to state a claim.

2. Plaintiff's request to proceed in forma pauperis [3] is DENIED because the Court finds that Plaintiff has sufficient funds to pay the filing fee herein. Plaintiff is allowed 14 days to pay the $405 filing fee in full or this action will be subject to dismissal for failure to pay the filing fee.

Entered this 31st day of July, 2025.

*s/ Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE

3